# THE PERU COAL COMPANY

## *v.*

# GEORGE G. MERRICK.

1. CHANGE OF VENUE—*jurisdiction of court to hear and determine motions.* The statute allows the court to hear and determine applications for changes of venue at any time when in session, and it matters not whether the court is engaged in the criminal, the law or the chancery docket, it may grant or refuse such order.

2. Where the act of the legislature under which a term of the circuit court was held, provided that the first two weeks of the term should be

devoted to chancery business, the court had jurisdiction, during the first two weeks so set apart to chancery business, to hear and determine an application for a change of venue in an action at law.

3.  CONTINUANCE—*second application for, at the same term, not based upon new cause, will not be considered.* It has never been the practice in this State for the court to entertain a second application for a continuance at the same term, unless the second application is based upon facts that have arisen after the first motion was overruled, and where a second application is made upon substantially the same grounds as the first, it should be overruled, although the facts stated in the affidavit are sufficient to authorize a continuance.*

4.  EVIDENCE—*as to transactions of plaintiff, in which defendant is not a party and in no way concerned.* In a suit by an individual, against a corporation, for money alleged to be due from the defendant to the plaintiff, the defendant sought to prove that, before the organization of the corporation defendant, a contract was entered into between the plaintiff and his brother that they would advance equal amounts for the purchase of property and carrying on the business of the corporation; that they would purchase and hold stock in the corporation in equal amounts; that, if one advanced more than the other, the one advancing the lesser sum should pay to the other such sum as would make their advances equal, and that the money sued for was advances made by the plaintiff in pursuance of this agreement: *Held*, that the corporation was not a party to this agreement, and had no concern with it; that the court could look alone to the legal liability of the corporation, without regard to the equities between the plaintiff and his brother, and that the evidence was properly excluded.

5.  SAME—*draft claimed to have been paid by plaintiff for use of defendant, proper, in connection with his testimony.* Where the plaintiff, in a suit against an incorporated company for money alleged to be due him upon account, testified to the payment by him, out of his own funds, of a draft drawn on him by one who, at the time, was the president of the company, for the purpose of paying a debt of the company, it was proper to permit the draft to be read in evidence in connection with such testimony.

6.  SAME—*rebutting evidence on cross-examination.* Although the books of a defendant may be proper and competent evidence for the purpose of rebutting the testimony of the plaintiff, if offered at the proper time, they can not be given in evidence, on the cross-examination of the plaintiff, as a part of such cross-examination, and, if so offered in evidence, it is proper to exclude them.

*See, also, *Stockley, Admr.* v. *Goodwin*, 78 Ill. 127.

114          PERU COAL CO. *v.* MERRICK.          [Sept. T.

Opinion of the Court.

7. CROSS-EXAMINATION. Where the question in issue, in a suit by an individual plaintiff against a corporation defendant, was, whether the defendant was indebted to the plaintiff upon the account sued on, and if so, in what amount, the court properly refused to permit the defendant, on cross-examination of the plaintiff, to inquire what amount of stock he owned in the corporation defendant at the time of the conveyance of certain property to it by the plaintiff and his brother.

WRIT OF ERROR to the Circuit Court of Kendall county; the Hon. SILVANUS WILCOX, Judge, presiding.

Mr. G. S. ELDRIDGE, for the plaintiff in error.

Mr. T. LYLE DICKEY, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This case was before the court at the September term, 1861, and the judgment previously rendered was reversed and the cause remanded. *Merrick* v. *The Peru Coal Co.* 61 Ill. 472.

After the cause was remanded, the venue was changed to Kendall county, where a trial was had, resulting in a verdict and judgment in favor of the plaintiff, to reverse which this writ of error was prosecuted.

The order for a change of venue was made by the circuit court of La Salle county on the 19th day of May, 1873, and during the two first weeks of the May term of court.

The first error relied upon to reverse the judgment is, that the circuit court of La Salle county had no jurisdiction to change the venue of the cause at the time the order was made, for the reason that the act of the legislature, under which the court was held, provided that the first two weeks of the May term should be set apart for chancery business only. The mere fact that the court was in session for the purpose of disposing of chancery cases, did not deprive it of jurisdiction to hear and determine an application for a change of venue, in an action at law. The statute provides that application may be made to the court in which the cause is

pending, in term time, or to the judge thereof, in vacation. Revised Statutes of 1874, page 1094.

If the court was in session, it was a matter of no consequence whether it was engaged in the criminal, the law or chancery docket. In either event, the court had the power to hear the petition and grant or refuse the order. The language of the statute is obvious that, where the court is in session for any purpose, the application may be made.

The next point relied upon by the defendant, is, that the court improperly overruled a motion for a continuance of the cause. It appears, from the record, that the court convened on the 12th day of January, 1874. On the 13th, a motion was entered by the defendant for a continuance. On the same day, the motion was overruled. It is not contended that the affidavit read in support of this motion was sufficient. On the 14th of January, a second motion was entered for a continuance, which the court also overruled.

Even if the facts stated in the affidavit were sufficient to authorize a continuance, it has never been the practice in this State for the court to entertain a second application for continuance at the same term, unless the second application is based upon facts that have arisen after the first motion was overruled, which it is not claimed or pretended was the case here.

As the first and second applications for a continuance were, therefore, based substantially upon the same grounds, the court, under the well settled practice in this State, properly overruled the second motion.

It is next urged by the defendant, that it was error to admit in evidence a draft drawn by C. C. Merrick on the plaintiff, dated January 1, 1869, for $4920. This draft was offered in evidence in connection with the testimony of the plaintiff, and in confirmation of his evidence as to the amount of the account sued upon. C. C. Merrick, who drew the draft, was, at the time, president of the coal company. The draft was drawn to pay a debt contracted by and for the

company, and paid by the plaintiff, from his own funds, for the defendant.

In connection with the evidence of the plaintiff, we perceive no valid objection to the introduction of the draft in evidence. Nor do we see any valid objection to the evidence in relation to what Silkie said at the time he delivered a statement of the plaintiff's account to him, indorsed, as it was, by C. C. Merrick. The evidence was not offered for the purpose of showing the contents of the books at Chicago, nor could it have that bearing on the case before the jury.

During the cross-examination of the plaintiff, the defendant offered in evidence the books of the company kept at Chicago, as a part of the cross-examination. This evidence the court properly excluded at the time it was offered. The books, no doubt, would have been competent evidence for the jury for the purpose of rebutting the evidence of the plaintiff, and had the defendant offered them in evidence after the plaintiff had closed his case, the court would have admitted them.

But while the books were proper evidence for the defense, we are aware of no rule of practice that would allow the defendant to introduce its evidence until the plaintiff had closed his case.

It is said the court erred in denying the defendant the right to show, on cross-examination of the plaintiff, the number of shares of stock held by him in the corporation at the time of the conveyance of certain property to the company by the plaintiff and C. C. Merrick.

The question in issue was, whether the defendant was indebted to the plaintiff, and if so, in what amount. In what manner the proposed question could throw any light upon the real issue in the case, is not readily seen.

It is also insisted by the defendant, that the court improperly allowed the proof in regard to the agreement to pay interest.

If the proof was improper, the defendant was not injured

by it, as the court instructed the jury to allow only six per cent interest on the balance found due by the statement of December, 1868. As this statement was sanctioned and approved by the action of the directors of the company, in so far as it contained items of interest at ten per cent, the company would be bound thereby. In regard to the other items not embraced in that settlement, the instruction was specific to allow no interest. The evidence, therefore, if improper, as it did no harm, can not be ground for a reversal of the judgment.

On the trial of the cause, the defendant offered to prove that, before the defendant was organized as a corporation, a certain contract was entered into between the plaintiff and Charles C. Merrick; that it was mutually agreed between the Merricks that they should advance equal amounts for the purchase of the mining property, and should make equal advances for the carrying on of the mining business of the corporation, and that they should purchase and hold stock in the corporation in equal amounts, and that if, in the course of making such advances on account of the original purchase of the property, the carrying on of the business of the corporation and in the purchase of stock, one should advance more than the other, the one advancing the lesser sum should pay to the other such a sum as would make their advances equal, and that the advances for which the plaintiff seeks to recover, were made under and in pursuance of such arrangement.

This offered evidence the court would not admit to the jury, and the decision is relied upon as error.

As we understand the question, the same point was presented and decided when this cause was here at the September term, 1871. It was then said: "Whatever may be the rights of these parties, as individuals or as partners, in forming the company as they did, we are wholly unable to see that appellee can invoke the private agreement of the Merricks to release it from liabilities it has legally incurred and has

never discharged. The company was not a party to that agreement, and has no more concern with it than if it had been entered into by persons who neither held stock in it nor were officers of the company. We can alone look to the legal liabilities of the company, and not to the equities that may exist between the appellant and his brother."

As the question was fully settled by the former decision of this court, we can not be expected to enter upon a discussion of the subject again.

Exceptions have been taken to the giving, refusing and modification of instructions, but, from what has already been said in disposing of other questions raised, it will not be necessary to enter upon a discussion of the instructions.

The law involved in the case was substantially given to the jury, and no such error was committed in the instructions as to authorize a reversal of the judgment.

The judgment will therefore be affirmed.

*Judgment affirmed.*

*Mr. JUSTICE DICKEY having been counsel for defendant in error, took no part in the decision of this case.

---

*This cause was submitted at the September term, 1875, but was not finally disposed of until after Mr. JUSTICE DICKEY came upon the Bench.